**Peter J. Cresci, Esq. (PC7693)**
**CRESCI, LLC**
**PO Box 74, 830 Avenue A**
**Bayonne, New Jersey 07002-0074**
**(201) 436-4126 Tel.**
**Attorneys for the Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **THEODORE CONNOLLY,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CAUSE NO.** |
| | § | |
| **COUNTY OF HUDSON,** | § | |
| **ROBERT B. KNAPP, Individually, and** | § | |
| **JUAN M. PEREZ, Individually** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

1.      COMES NOW, Theodore Connolly, Plaintiff in the above entitled lawsuit, and states the following as his complaint against the Defendant, County of Hudson, New Jersey; Defendant Robert Knapp, individually, and Defendant Juan M. Perez, Individually.

## I.  PARTIES

2.      Plaintiff, Theodore Connolly, is an individual who is a citizen of the State of New Jersey and resides in Bayonne, New Jersey.

3.      Defendant, County of Hudson, is a body politic operating under the laws of the State of New and may be served with process by serving a copy of the Summons

and Complaint to Barbara A. Netchert, Clerk, Brennan Court House Building, 583 Newark Avenue, Jersey City, New Jersey 07306, and by serving a copy of the Summons and Complaint to Thomas A. DeGise, Hudson County Executive, Brennan Court House Building, 583 Newark Avenue, Jersey City, NJ 07306. Defendant Robert Knapp may be served with process by serving a copy of the Summons and Complaint to 140 Audubon Avenue, Apt. 4E, Jersey City, New Jersey 07305. Defendant Juan M. Perez may be served with process by serving a copy of the Summons and Complaint to 862 Avenue C, Bayonne, New Jersey 07002.

## II.  JURISDICTION

4.     The Court has jurisdiction over the lawsuit, according to 28 U.S.C. §1331, because this action arises under the FMLA, 29 U.S.C. § 2611, et seq., the Rehabilitation Act, 29 U.S.C. § 701; the Hatch Act, 5 U.S.C.1501, et seq., and pendant jurisdiction under the NJLAD, N.J.S.A. § 10:5 et seq.

## III.  EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.     All administrative procedures have been exhausted.

## IV. STATEMENT OF FACTS

6.     Plaintiff is an employee of Hudson County.  Plaintiff has been employed by Hudson County for six years.  Plaintiff has always been and continues to be a hard working, dedicated employee.

7.     Plaintiff was employed with Hudson County as a County 911 Coordinator. Plaintiff never had any problems with his coworkers or supervisors at this position. Plaintiff worked successfully in his position of 911 Coordinator for Defendants until August 2008, when Plaintiff was required to take a medical leave, due to a serious medical condition.  Plaintiff utilized earned sick leave, vacation, and personal leave,

Plaintiff went out on medical leave, per the Family Medical Leave Act.  When Plaintiff went out on medical leave, he was making approximately $74,000.00 per year.

8.      Plaintiff returned to work on March 16, 2009.  Plaintiff was advised he was being transferred to a different position with Defendant, Hudson County.  Plaintiff was transferred to the Hudson County Corrections Department, where he worked as a Communications Operator in the Kearny Jail.  At this position, Plaintiff found that he was making $34,300 less than what he had been making as a County 911 Coordinator and that he was over qualified for the new position.  Defendant, Hudson County, had actually demoted Plaintiff to a much lesser position within the County than the one that he had previously held prior to his medical leave.

9.      Plaintiff was the only "civilian" working in as a Communications Officer in the Kearny Jail.  His new hours were from 6 am to 2 pm.  Plaintiff was not allowed to bring a cell phone into his work area, despite the fact that some of his coworkers, Lieutenants, were allowed to carry their cell phones.

10.      On numerous occasions at his new position with the County, Plaintiff was discriminated against by his coworkers.  His coworkers are constantly commenting on the fact that he is a civilian and they do not feel that a civilian should be doing the job.  They consistently single him out and harass him.

11.      According to the Family Medical Leave Act (FMLA), the decision made by Defendant, Hudson County, was inconsistent under the FMLA. Due to a serious medical condition, Plaintiff was required to go out on medical leave.  When he returned to work, instead of resuming his prior position as 911 County Coordinator or a position of equal standing, he was demoted to a lesser position, which paid significantly less and which he is considerably over qualified.  Plaintiff's new supervisor, Director Oscar Aviles, admitted to Plaintiff on July 13, 2009, that it was unfair that Plaintiff had suffered such a dramatic pay cut and also that Plaintiff was over qualified for his new position.

12.   Defendant Perez and Defendant Knapp directly and indirectly used their position to control and affect the political action of others, including the Plaintiff. Defendants Perez and Defendant Knapp engaged and continue to engage in political activity during working hours.  Defendant Knapp directly and Defendant Perez indirectly coerced contributions from subordinates in support of political candidates, including Defendant Perez.  Defendant Perez and Defendant Knapp directly and indirectly solicited employees, including the Plaintiff to contribute to a campaign and buy tickets to events while in the workplace.  Defendants Perez and Knapp distributed campaign literature in the workplace.  Defendants Perez and Knapp utilized Hudson County equipment, including phones, fax, computers, printers, and vehicles in order to campaign and support Defendant Perez's campaign.  When Plaintiff complained and did not participate in this fundraising, Plaintiff was demoted from his County 911 Coordinator position.

13.   Upon Plaintiff's medical release Defendant Hudson County and Defendant Perez demoted Plaintiff and subjected Plaintiff to a significant pay cut when Plaintiff was taken from his position as County 911 Coordinator to a position in the Kearny Jail.   A job vacancy announcement for the County 911 Coordinator and call for examination was advertised on or about August 11, 2009.  This was Plaintiff's position.

## V. STATEMENT OF CLAIMS

### A.    FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2611, ET SEQ.

14.   Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 13 as fully set forth herein.  This cause of action is pled against Defendant, Hudson County.

15.   Plaintiff is an eligible employee within the meaning of the FMLA. Plaintiff was employed by the Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period, 29 U.S.C. §2611(2).  Defendant Hudson County is an employer within the meaning of the FMLA, 29 U.S.C. §2611(4).

16.     The Family Medical Leave Act (FMLA) requires private sector employees of fifty or more employees to provide up to twelve (12) weeks of unpaid job related leave to eligible employees for certain medical reasons.  The reasons for taking a leave are limited to take medical leave when the employee is unable to work because of a serious health condition.  Employees must be restored to their original or equivalent position with equivalent pay, benefits and other employment terms. Further, the Defendant must maintain the provisions that would have been provided if the employee had continued in employment continuously for the duration of such leave.

17.     It is unlawful for the Defendant to deny or refuse a covered employee the rights of the FMLA or to discriminate and retaliate against the individual for exercising these rights (See 29 U.S.C § 2611(a)(1) & (2)).  Defendant intentionally discriminated against the Plaintiff, due to the medical leave he had taken due to his serious health condition, by demoting Plaintiff and reducing his pay by over $30,000.00 thus violating the FMLA.

**B.     REHABILITATION ACT OF 1973, 29 U.S.C. § 701**

18.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 17 as it fully set forth herein. This cause of action is pled against Defendant.

19.     Plaintiff belongs to a class protected under the Rehabilitation Act of 1973 by virtue of the fact Plaintiff is a qualified person, as he suffered physical disabilities. The Rehabilitation Act of 1973, Section 504, forbids organizations and employers from excluding or denying individuals with disabilities an equal opportunity to receive program benefits and services.  It defines the rights of individuals with disabilities to participate in, and have access to, program benefits and services.   Plaintiff is otherwise qualified to perform the essential functions of County 911 Coordinator.

20.     Plaintiff is a qualified person with a disability under the Rehabilitation Act

of 1973, Section 504, as individuals with disabilities are defined as persons with a physical or mental impairment which substantially limits one or more major life activities.  For purposes of employment, qualified individuals with disabilities are persons who, with reasonable accommodations, can perform the essential functions of the job for which they have applied or have been hired to perform.  Reasonable accommodation means an employer is required to take reasonable steps to accommodate an employee's disability unless it would cause the employer undue hardship.  Defendant Hudson County failed to take such steps.

21.     Plaintiff requested temporary, reasonable, and minimal accommodations upon returning to work, per his doctors' instructions for his recovery.  Defendant Hudson County supervising employees harassed and embarrassed Plaintiff as a result of this request.  Defendants demoted Plaintiff from his position as County 911 Coordinator, resulting in lost pay and benefits.

22.     Defendant wrongly discriminated against Plaintiff because of his disability and recovery. Through this illegal discrimination, Defendant Hudson County violated the Rehabilitation Act of 1973.

C.     **VIOLATIONS OF THE HATCH ACT, 5 U.S.C.1501, ET SEQ., VIOLATIONS OF N.J.A.C. §4A:10-1.2, N.J.S.A §11A:2-23, N.J.A.C. §4A:2-5.1 AND VIOLATIONS OF THE NEW JERSEY WORKERS FREEDOM FROM EMPLOYER INTIMIDATION ACT, N.J.S.A. §34:19-9 to 15.**

23.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 22 as if fully set forth herein.  This cause of action is pled against Defendant Hudson County, Defendant Juan Perez, and the Defendant Robert Knapp.

24.     It is unlawful for a local officer or employee to directly or indirectly coerce, command, or advise a local officer or employee to pay, lend, or contribute anything of value to a party, committee, organization, or agency or person for political

Case 2:09-cv-04509-SRC-MAS   Document 1   Filed 09/01/09   Page 7 of 10

purpose, 5 U.S.C. §1502. In the instant matter, the Defendant Hudson County and specifically Defendant Juan M. Perez has allowed the Hudson County Sheriff's office to evolve as a political entity in which all major decisions emanate from Defendant Juan M. Perez and the employees willingness to politically support Sheriff Perez's re-election. Coercion is utilized to effectuate their intended outcome by withholding benefits or replacing competent individuals due to their political persuasion or their inability to "go with the plan."

25.     Coercion in violation of the Hatch Act is promulgated by Defendant Juan M. Perez and accepted and perfected by Defendant Robert Knapp, as he receives a multitude of jobs and positions including: Communications Officer for the Sheriff's Department; Deputy Director, Hudson County Welfare; East Newark Court Clerk; and Adjunct Professor at Jersey City State University; as long as Defendant Knapp demonstrates loyalty, takes political orders, and takes action as directed by the Defendant Perez.  See 5 C.F.R. §7322 (3).   In one instance, Plaintiff was provided an envelope of 10 tickets with a $250.00 per ticket face value by Defendant Knapp for a political fundraiser for Defendant Perez.  Defendant Knapp provided these tickets in the workplace to Plaintiff.  Plaintiff refused to sell the $250 per ticket and returned the envelope without selling a ticket.  Thereafter Plaintiff was removed from his position as County 911 Operator.

26     Defendant Knapp, Defendant Perez, and Defendant Hudson County are violating the *Hatch Act* and the *New Jersey Workers Freedom from Employer Intimidation Act* by using their official authority or influence for the purpose of interfering with or affecting the result of an election or nomination for office, by attempting to keep Juan M. Perez in office.

**D.     NEW JERSEY LAW AGAINST DISCRIMINATION (LAD) CHARGES N.J.S.A. § 10:5 et seq.**

27.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 26 as fully set forth herein.  This cause of action is pled against Defendant Hudson County, Defendant Perez and Defendant Knapp.

28.     Plaintiff belongs to a class protected under the New Jersey Law Against Discrimination (LAD) N.J.S.A. § 10:5 et seq., by virtue of the fact Plaintiff, as employed, is a qualified person with able qualities and recognized disability.  The NJLAD protects all members from any and all discrimination and retaliation from their employers or any term or condition of employment.

29.     Defendants were in violation of the NJLAD when Defendants intentionally discriminated against Plaintiff by demoting Plaintiff to a lesser position with the County after his return from medical leave. Defendant, Hudson County, had no reason to demote Plaintiff from his position of County 911 Coordinator to Communications Officer in the Kearny Jail.

30.     Defendants intentionally discriminated and retaliated against Plaintiff by failing to reasonably accommodate Plaintiff so as to reasonably perform his job as County 911 Coordinator.

31.     Defendants created a hostile work environment due to Plaintiff exercising his rights under NJLAD and the Rehabilitation Act.  Defendants Perez and Defendant Knapp utilized threats, intimidation, and took retaliatory actions to punish Plaintiff for exercising his rights.

## V.  COMMON LAW CLAIMS

32.   Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.  The Defendant Knapp did and continues to make defamatory statements about the Plaintiff that are false, i.e. "[Plaintiff] Connolly is faking his illness."  Those false statements and documents are published to third parties, and Plaintiff continues to be harmed by such defamatory statements.  Each distinct publication of the defamatory statements and records inflict an independent injury from which a separate cause of action continues to arise.  Defamatory statements injuring Plaintiff's employment in his chosen occupation or imputing a crime is defamatory *per se*.

33.   Defendant Knapp released private information about the plaintiff to third parties.  This third party had no right to this information, nor was prior written consent received from the plaintiff.  Defendant Knapp committed the common law tort of invasion of privacy against the plaintiff.   This is a *Pierce* action.

## VI.  JURY DEMAND

34.   Plaintiff hereby demands a trial by jury of his peers.

## VII.  PRAYER

35.   WHEREFORE, Plaintiff, Theodore Connolly, requests judgment against Defendant, Hudson County, for:

    a.   Reinstate Plaintiff to his previous position of County 911 Coordinator.

    b.   back pay, front pay, and all benefits along with pre-judgment and post-judgment interest;

c.  Presentation of a hostile free workplace, free from any and all discrimination and retaliation from co-workers, supervisors, and management;

d.  Damage Plaintiff suffered to his pension and retirement benefits;

e.  Compensatory damages to compensate for the humiliation, degradation, embarrassment, mental anguish and emotional distress Plaintiff endured both at work and outside of work, in the amount of $1,000,000.00;

e.  attorneys fees, costs and expenses incurred as a result of the Defendants' discriminatory acts, as provided for by FMLA, NJLAD, the Rehabilitation Act, NJFLA, Hatch Act, common law torts, and other applicable statutes;

f.  any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

Respectfully submitted,

**CRESCI, LLC**
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
Telephone:    (201) 436-4126/4127
Telecopier:    (201) 436-9220

By:_____*Peter J. Cresci, Esq. /s*_____
    **PETER J. CRESCI, ESQ. (PJC 7693)**
    ATTORNEYS FOR PLAINTIFF