<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THEODORE CONNOLLY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 09-4509 (SRC) |
| v. | : | |
| | : | OPINION |
| COUNTY OF HUDSON, ROBERT B. KNAPP, individually, and JUAN M. PEREZ, individually, | : | |
| | : | |
| Defendants. | : | |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on motion for summary judgment by Defendant Juan M. Perez ("Perez") [docket entry 18] and cross-motions for summary judgment by Defendants Robert B. Knapp ("Knapp") [docket entry 19] and County of Hudson ("Hudson County") (collectively, "Defendants") [docket entry 23]. Plaintiff Theodore Connolly ("Plaintiff") has opposed the motions. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, this Court grants Defendants' motions for summary judgment as to Plaintiff's claims under the Family and Medical Leave Act, the Rehabilitation Act, and the Hatch Act. The remaining claims against the Defendants arise under New Jersey state law and the Court will dismiss them without prejudice for lack of subject matter jurisdiction. Thus, the portions of Defendants' motions for summary judgment dealing with Plaintiff's claims under state law will be denied.

I.  **BACKGROUND**

This action was initiated by Theodore Connolly after he was transferred from his position as a 911 Coordinator for Hudson County to a Communications Operator in the Kearny Jail. Plaintiff was employed as Coordinator until August 2008 when he took medical leave per the Family and Medical Leave Act due to his major depressive disorder and attempted suicide. Throughout Plaintiff's treatment during his leave, he discussed with his doctors his desire not to return to the Coordinator position.  Subsequently, in February 2009, Plaintiff spoke to Hudson County Personnel Director, Patrick Shiel ("Shiel"), about his return to work at the expiration of his leave of absence.  During that conversation Shiel informed Plaintiff that Plaintiff's psychiatrist, Dr. Finklestein, opined that Plaintiff should not return to work as a 911 Coordinator because the position was too stressful for Plaintiff to handle.  Shiel informed Plaintiff that, based on his doctor's recommendation, he would not be restored to the Coordinator position and upon his return to work on March 16, 2009, Plaintiff was transferred to the Hudson County Corrections Department where he began work as a Communications Operator.  Plaintiff contends that this transfer amounted to discrimination and retaliation in violation of the Family and Medical Leave Act, the Rehabilitation Act, and the New Jersey Law Against Discrimination.

In his Complaint, Plaintiff also avers claims under the Hatch Act and similar laws regarding political activities.  In connection with these claims, Plaintiff alleges that he was removed from his position as 911 Coordinator after he refused to sell ten tickets at Defendant Knapp's request for a political fundraiser for Defendant Perez.  Furthermore, Plaintiff contends that Defendants Perez and Knapp engaged in political activities during working hours, coerced subordinates to support political candidates, and used Hudson County equipment in order to

campaign and support Defendant Perez's campaign. Lastly, Plaintiff asserts common law claims of defamation and invasion of privacy against Defendant Knapp.

II.     LEGAL ANALYSIS

   A.     **Standard of Review**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district

court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

    **B.**    **Discussion**

        1.    <u>Family and Medical Leave Act Claim</u>

Plaintiff's Complaint asserts a claim against Defendant Hudson County for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. The Act's dual purposes are to

4

"balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1)-(2). To accomplish these goals, the FMLA contains two distinct types of provisions. The first, a series of prescriptive substantive rights for eligible employees, is often referred to as the "entitlement" or "interference" provisions. *See Churchill v. Star Enters.*, 183 F.3d 184, 192 (3d Cir. 1999). Eligible employees are "entitled to a total of twelve workweeks of leave during any twelve-month period" if the employee has a "serious health condition." 29 U.S.C. § 2612(a)(1)(D). Furthermore, following a qualified absence, the employee is entitled to reinstatement to the former position or an equivalent one. 29 U.S.C. § 2614(a)(1). The second, "discrimination" or "retaliation" provisions, provide protection against discrimination based on the exercise of FMLA rights. *See* 29 U.S.C. § 2615(a)(1)-(2). Plaintiff asserts claims under both sets of provisions.

      Plaintiff's failure to reinstate claim is based on his allegation that, upon his return from FMLA leave, he was transferred from 911 Coordinator to a Communications Operator where he earned a reduced salary and no longer had a supervisory role. To succeed on his FMLA claim, Plaintiff not only has to establish that he was not returned to the same or an equivalent position, but must show that he was able to perform the essential functions of the said position. *See* 29 C.F.R. § 825.214(b) (2001) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA."); *Reynolds v. Phillips & Temro Indus., Inc.*, 195 F.3d 411, 414 (8th Cir. 1999); *Tardie v. Rehab. Hosp.*, 168 F.3d 538, 543 (1st Cir. 1999); *see also Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375,

5

384 (3d Cir. 2002) ("the FMLA does not require an employer to provide a reasonable accommodation to an employee to facilitate his return to the same or equivalent position at the conclusion of his medical leave"). Defendant Hudson County has met its burden at summary judgment by pointing to the absence of evidence to support Plaintiff's reinstatement claim. Plaintiff does not dispute that his limitations prevent him from performing all the duties of a 911 Coordinator. Indeed, both he and his doctor have consistently maintained that he could not return to work in his former capacity due to the position's stressful nature being too much for Plaintiff given his present mental state. (Connolly Tr. 179:15-20, 185:6-18.) Furthermore, nothing in the evidence suggests that there was any available position, equivalent in responsibility and pay, which Plaintiff's psychological condition would permit him to engage in. Therefore, because Plaintiff has failed to establish that a genuine issue as to a material fact exists, he cannot prevail on this claim as a matter of law.

     Plaintiff additionally contends that Defendant's transfer violated the discrimination provision of the FMLA since it was made in retaliation for his taking medical leave. To establish his retaliation claim, Plaintiff must prove that: (1) he took FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave. *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 147 (3d Cir. 2004). Hudson County has satisfied its summary judgment burden by demonstrating that Plaintiff has not adduced evidence from which an inference can be drawn that he was transferred because he exercised his FMLA rights rather then because he is unable to perform the essential functions of 911 Coordinator. In response, Plaintiff failed to introduce any evidence that creates a genuine issue as to a material fact, entitling Hudson County to a grant of summary judgment on the claim.

2. <u>Rehabilitation Act Claim</u>

The Complaint also asserts a claim under § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), against Defendant Hudson County. The Rehabilitation Act forbids employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement. *See* 29 U.S.C. § 701, *et seq*. At the same time, Congress recognizes that employers have legitimate interests in performing the duties of their business adequately and efficiently. *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996). Employers cannot be obligated to employ persons who are incapable of performing the necessary duties of the job. *Id.* Therefore, "to make out a prima facie case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating (1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job." *Id.*

Hudson County concedes, for the purposes of its motion for summary judgment, that Plaintiff is disabled. (Hudson County's Summ. J. Br. at 6, Nov. 30, 2010.) Therefore, the issue here is whether Plaintiff is "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer." *Shiring*, 90 F.3d at 831. "[T]he burden is on the employee to prove that [he] is an otherwise qualified individual" and, as aforementioned, Plaintiff can not demonstrate that he can perform the essential functions of 911 Coordinator. However, an employee can succeed under the Rehabilitation Act if he can "demonstrate that a specific, reasonable accommodation would have allowed h[im] to perform the essential functions of h[is] job." *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 232 (3d Cir.

2000). Although an employer is not required to create a new job for a disabled individual, "an employer may be required to transfer an employee to an existing position" in order to accommodate him. *Mengine v. Runyon*, 114 F.3d 415, 419-20 (3d Cir. 1997). "The reassignment should be to an already funded, vacant position within the same commuting area, and at the same grade or level." *Shiring*, 90 F.3d at 832. To satisfy this requirement, the employer has a duty to make reasonable efforts to assist the disabled employee, to communicate with him in good faith, and not to impede his investigation of alternative jobs. *Menigne*, 114 F.3d at 419-20. In *Mengine*, the Third Circuit stated that this requirement is best accomplished through an interactive process, between the employer and employee, to find a suitable position for the disabled employee. *Id.*

Defendant Hudson County has satisfied its summary judgment burden by pointing to the absence of evidence to support Plaintiff's discrimination claim. Plaintiff has not offered any evidence that a specific reasonable accommodation would have allowed him to perform the essential functions of 911 Coordinator.[1] And, Hudson County satisfied its duty by proposing an alternative position in another agency within county government that Plaintiff is capable of performing. Nothing in the record in this case indicates that Plaintiff engaged in any iterative process or made any counters or other suggestions regarding his employment options. Hudson County made reasonable efforts to assist Plaintiff, communicated with him in good faith, and offered him a position which he could perform and which he voluntarily accepted. As such,

---

[1] Plaintiff's only accommodation request was for a "workplace free from hostility" (Connolly Tr. 97:23-25, 98:1-7) which is not a valid request for disability accommodation as a matter of law. *See Gaul v. Lucent Techs.*, 134 F.3d 576, 581 (3d Cir. 1998).

8

because Plaintiff has not established a genuine issue as to a material fact, as a matter of law, he cannot prevail on his claim of discrimination under the Rehabilitation Act because he is not qualified to perform the essential functions of his former job, with or without reasonable accommodations by the employer.  Accordingly, Defendant's summary judgment on the discrimination claim will be granted.

Plaintiff additionally claims that his removal from 911 Coordinator amounted to retaliation in violation of the Rehabilitation Act.  To survive summary judgment on a claim of retaliation under the Act, a plaintiff must satisfy his burdens under the McDonnell Douglas framework by showing "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Luckiewicz*, 670 F. Supp. 2d 411.  If an employee establishes a prima facie case, the burden shifts to the employer to advance a legitimate, non-retaliatory reason for its adverse employment action.  *Id.*  If the employer satisfies its burden, the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.  *Id.*

Even assuming, arguendo, that Plaintiff is able to establish a prima facie case of retaliation, Defendant Hudson County is nevertheless entitled to summary judgment, as it has produced a legitimate nondiscriminatory reason for transferring Plaintiff; based on his inability to handle the pressures of the position, as indicated by his doctor, and based on his stated desire for transfer.  Plaintiff has failed to provide any evidence rebutting Defendant's legitimate, non-retaliatory reasons for the transfer.  Accordingly, the Court finds that Plaintiff's retaliation claim

cannot survive summary judgment.

### 3. Hatch Act Claim

Plaintiff's Complaint also avers a violation of the Hatch Act, 5 U.S.C. § 1501, *et seq.*, claiming that the Defendants "us[ed] their official authority to influence for the purpose of interfering with or affecting the result of an election or nomination for office." (Pl.'s Comp. ¶ 26, Sept. 1, 2009.) The parties do not dispute the facts relating to this claim, Defendants simply contend that Plaintiff cannot assert a private action under the Hatch Act as a matter of law.

Under the Act's provisions, federal agencies involved in loaning or granting funds must report to the Office of Special Counsel ("OSC") any activity of state and local officers that the agency has reason to believe violates the Act. 5 U.S.C. § 1504. If an OSC investigation uncovers evidence of a violation of the law warranting prosecution, the OSC files a written complaint for disciplinary action with the Merit Systems Protection Board (the "Board"). *Id.* The employee has the right to contest the charges, including the right to a hearing before the Board. 5 U.S.C. § 1505. The Board then determines if there has been a violation of the Act and whether removal is warranted as a punishment for violation. *Id.* A party aggrieved by a determination or order of the Merit Systems Protection Board may institute proceedings for review by filing a petition in the United States District Court for the district in which the state or local officer or employee resides. 5 U.S.C. § 1508.

The provisions of the Hatch Act, as confirmed by courts in this Circuit and elsewhere, make clear that the Act does not make a violation thereof privately actionable. 5 U.S.C. § 1501, *et seq.*; *see Brooks v. Nacrelli*, 331 F. Supp. 1350, 1354 (E.D. Pa. 1971), *aff'd*, 473 F.2d 955 (3d Cir. 1973) (holding that the Hatch Act's provisions are enforced exclusively by the government);

*see also Dingess v. Hampton*, 305 F. Supp. 169, 173 (D.D.C. 1969) (ruling that the Board has the sole authority to enforce the provisions of the Hatch Act); *Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002); *Napier v. Baldacci*, 453 F. Supp. 2d 185 (D. Maine 2006).  Thus, regardless of whether Plaintiff has standing as an aggrieved party, it is obvious that to permit him to bring an action based on alleged Hatch Act violations would be to permit a bypass of the administrative procedure set forth by Congress.  Accordingly, Plaintiff can not properly base a cause of action on alleged violations of the Hatch Act and summary judgment will be granted in favor of Defendants on this claim.

    4.  Dismissal of Remaining State Law Claims

This Court has now addressed all claims in the Complaint arising under federal law and found that Plaintiff has failed to defeat Defendants' motions for summary judgment on these claims.  Therefore, this Court will grant Defendants' motions for summary judgment as to all federal claims in the Complaint.  The claims that have not been addressed are Plaintiff's claims against Defendants under N.J.A.C. § 4A:10-1.2, N.J.S.A. § 11A:2-23, N.J.A.C. § 4A:2-5.1, N.J.S.A. § 34:19-9, *et seq.*, and N.J.S.A. § 10:5 *et seq.*, and Plaintiff's common law claims of defamation and invasion of privacy against Defendant Knapp.

Federal subject matter jurisdiction in this case is based on federal question.  28 U.S.C. § 1331.  As none of Plaintiff's federal claims will remain in this action, this Court exercises its discretion not to retain supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [once] the district court has dismissed all claims over which it has original jurisdiction").  The Third Circuit has explained that "once all federal claims have been dropped from a case, the case

simply does not belong in federal court." *New Rock Asset Partners, L.P. v. Preferred Entity Advancements*, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting *Lovell Mfg. v. Export-Import Bank*, 843 F.2d 725, 734 (3d Cir. 1988)). Nor are there any circumstances present which would make the exercise of the Court's discretion to retain supplemental jurisdiction appropriate. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1367(c)(3), the remaining state law claims in the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. Accordingly, insofar as the Defendants move for summary judgment on the claims under New Jersey state law, the motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the Defendants' motions for summary judgment. The Court grants Defendants' motions for summary judgment on Plaintiff's claims under the Family and Medical Leave Act, the Rehabilitation Act, and the Hatch Act. The state law claims as to which the Defendants' motions for summary judgment are denied will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate form of Order will be filed herewith.

                                                        s/ Stanley R. Chesler
                                                       STANLEY R. CHESLER
                                                       United States District Judge

DATED: June 20, 2011